VILLARREAL HUTNER PC
LARA VILLARREAL HUTNER, ESQ., Cal. Bar No. 178639
E-Mail: lhutner@vhattorneys.com
DANIELLE L. PENER, ESQ., Cal. Bar No. 217355
E-Mail: dpener@vhattorneys.com
575 Market Street, Suite 300
San Francisco, California 94105
Telephone: 415.543.4200
Facsimile: 415.512.7674

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LARRY L. HARRIS,<br><br>       Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK<br>c/o Ms. Kristina Brown<br><br>       Defendant(s). | CASE NO. CV 08-02552 JW<br><br>**WELLS FARGO BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: May 20, 2008 |

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), erroneously named as Wells Fargo Bank c/o Ms. Kristina Brown, hereby answers the Complaint filed by Plaintiff Larry Harris ("Plaintiff") in the United States District Court, Northern District of California, San Jose Division, Case No. CV 08-02552 JW, as follows:

   1.   Wells Fargo lacks sufficient information to admit or deny the allegations set forth in Paragraph 1, and on that basis denies them.

   2.   Wells Fargo denies the allegation in Paragraph 2.

CV 08-02552 JW
WELLS FARGO BANK, N.A.'S ANSWER TO
PLAINTIFF'S COMPLAINT

-1-

3.  Wells Fargo admits that Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, but denies that any violation of that statute or others occurred. The remaining allegation contained in this Paragraph is a legal conclusion which does not require an admission or denial by Wells Fargo.

4.  Wells Fargo admits that Plaintiff complains that Wells Fargo failed to employ him, but denies that any violation of the law occurred.

5.  Wells Fargo denies that it engaged in any discriminatory conduct.

6.  Wells Fargo denies that Plaintiff applied to Wells Fargo during "early November." Wells Fargo admits that Plaintiff applied for a Personal Banker position. Wells Fargo lacks sufficient information to admit or deny the allegation regarding Plaintiff's experience "with other Banking Institutions in the Bay Area," and on that basis, denies it. Wells Fargo admits that Plaintiff attended a group interview on October 12, 2006 at 121 Park Center Plaza, Second Floor, San Jose, California 95129. Wells Fargo admits that Plaintiff spoke with the recruiter, Ms. Cabanatuan, following the group interview. Wells Fargo lacks sufficient information to admit or deny the remaining allegations in Paragraph 6, and on that basis, denies them.

7.  Wells Fargo admits that Plaintiff participated in a group interview on October 12, 2006, but denies that any alleged discrimination took place on that, or any other, date.

8.  Wells Fargo lacks sufficient information to admit or deny the allegations in Paragraph 8, and on that basis, denies them.

9.  Upon information and belief, Wells Fargo admits that the EEOC issued a right-to-sue letter to Plaintiff. Wells Fargo lacks sufficient information to admit or deny the remaining allegation in Paragraph 9, and on that basis, denies it.

10. Paragraph 10 contains no factual allegations requiring admission or denial by Wells Fargo.

11. Paragraph 11 contains no factual allegations requiring admission or denial by Wells Fargo.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

1. The Complaint and the purported cause of action therein fail to state facts sufficient to constitute any cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Statutes of Limitation)

2. Plaintiff's claim is barred, in whole or in part, by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

#### (Unclean Hands, Laches, Estoppel, and Waiver)

3. Plaintiff's claim is barred by the doctrines of unclean hands, laches, estoppel, and/or waiver.

### FOURTH AFFIRMATIVE DEFENSE

#### (Lack of Knowledge)

4. Wells Fargo asserts that it had no knowledge of any alleged discrimination or other claims alleged by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

#### (Damages)

5. Plaintiff has not suffered any damages as a result of any actions taken by Wells Fargo or its agents or representatives and Plaintiff is thus barred from asserting any cause of action against Wells Fargo.

### SIXTH AFFIRMATIVE DEFENSE

#### (Conformity with Existing Law)

6. Wells Fargo's actions and practices, alleged or actual, were in conformity with common and statutory law, governmental regulations, and industry standards existing at all times alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Performance of Duties)

7. Plaintiff's Complaint is barred, in whole or in part, because Wells Fargo has fully performed any and all statutory and other duties owed to Plaintiff, and therefore, Plaintiff is estopped to assert any causes of action against Wells Fargo.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Administrative Remedies)

8. Plaintiff's claims arising under Title VII are barred in whole or in part because he failed to exhaust his administrative remedies.

### NINTH AFFIRMATIVE DEFENSE

#### (No Authorization or Ratification of Alleged Wrongful Conduct)

9. Wells Fargo affirmatively alleges that any alleged wrongful conduct toward Plaintiff was not authorized, ratified, or approved by Wells Fargo.

### TENTH AFFIRMATIVE DEFENSE

#### (Not "Unlawful")

10. Plaintiff's claims are barred, in whole or in part, because Wells Fargo's business or employment practices are not, and were not, "unlawful."

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Reasonable Care)

11. Wells Fargo exercised reasonable care to prevent and correct discrimination, if any.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Legitimate Non-Discriminatory Reasons)

12. Any actions taken against Plaintiff were not based on any alleged discrimination, but were based on good cause and/or one or more legitimate non-discriminatory reasons.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(After-Acquired Evidence)**

13. Wells Fargo asserts, on information and belief, that Plaintiff's Complaint is barred, in whole or in part, because of the doctrine of after-acquired evidence.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(No Extreme and Outrageous Conduct)**

14. Any potential Plaintiff's claims for emotional distress are barred because Wells Fargo's alleged conduct was not extreme and outrageous, and any actions taken were for legitimate business reasons.

### FIFTEENTH AFFIRMATIVE DEFENSE

**(Concurrent or Alternate Causes of Emotional Distress)**

15. To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or of alternate concurrent causes, and not the result of Wells Fargo's alleged conduct.

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

16. Plaintiff's failure to mitigate his alleged damages bars Plaintiff from recovery in this action, in whole or in part.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Punitive Damages)**

17. The Complaint, including each cause of action alleged therein, fails to state facts sufficient to justify an award of punitive damages in that the Complaint, including each cause of action alleged therein, fails to state sufficient and specific facts to support the underlying allegations of malice, oppression, and fraud.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Absence of Malice)

18. Wells Fargo asserts that at all times its employees and agents acted without malice.

### NINETEENTH AFFIRMATIVE DEFENSE

(Protection from Excessive Fines/Violations of Due Process)

19. Plaintiff's Complaint, to the extent it seeks punitive or exemplary damages, violates Wells Fargo's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and in Article I, section 17, of the Constitution of the State of California, and violates Wells Fargo's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and in the California Constitution, and therefore fails to state a claim upon which punitive or exemplary damages may be awarded.

### TWENTIETH AFFIRMATIVE DEFENSE

(Reservation of Defenses)

20. Because the Complaint is couched in conclusory terms, Wells Fargo cannot anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, if and to the extent such defenses are applicable, is hereby reserved.

WHEREFORE, Wells Fargo prays as follows:

1. That Plaintiff take nothing by way of the Complaint and that judgment be entered in favor of Wells Fargo;

2. That the Complaint be dismissed with prejudice;

3. That Wells Fargo be awarded its costs of suit, including reasonable attorneys' fees; and,

4. For such other relief as the Court deems just and proper.

Dated: August 13, 2008        VILLARREAL HUTNER PC


By      /S/ Danielle L. Pener
        Danielle L. Pener
        Attorneys for Defendant
        WELLS FARGO BANK, N.A.